IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLINTON R. PETRACEK; and KELLY PETRACEK, | ) ) ) | 2:09-cv-01403-GEB-KJM |
| Plaintiffs, | ) ) | STATUS (PRETRIAL SCHEDULING) ORDER |
| v. | ) ) | |
| AMERICAN HOME MORTGAGE SERVICING; and LENDER DOE, | ) ) ) | |
| Defendants. | ) ) | |

The status (pretrial scheduling) conference scheduled for August 10, 2009, is vacated since the parties indicate in the Joint Status Report ("JSR") filed on July 27, 2009, that the following Order should issue.

DOE DEFENDANTS

Plaintiffs state in the JSR that "Plaintiffs have named Lender Doe in the complaint and once that entity is identified, Plaintiffs do anticipate amending the complaint and joining that additional party once discovered."  This statement fails to comply with Plaintiffs' obligation under Rule 16 to provide meaningful information on when the referenced amendment would be sought.

1  Plaintiffs indicate they have no idea when they would be in a position
2  to seek the referenced amendment.  "Parties anticipating possible
3  amendments . . . have an unflagging obligation to alert the Rule 16
4  scheduling judge of the . . . timing of such anticipated amendments in
5  their status reports so that the judge can consider whether such
6  amendments may properly be sought solely under the Rule 15(a)
7  standard, and whether structuring discovery pertinent to the parties'
8  decision whether to amend is feasible."  <u>Jackson v. Laureate, Inc.,</u>
9  186 F.R.D. 605, 608 (E.D. Cal. 1999).  (citation and quotations
10 omitted).

11      Plaintiffs shall conduct discovery pertinent to the
12 referenced amendment forthwith, and are authorized to seek the
13 referenced amendment under Rule 15 provided that the motion in which
14 leave is sought is filed no later than forty-five days from the date
15 on which this order is filed; the motion shall be noticed for hearing
16 on the earliest available regularly scheduled law and motion hearing
17 date.  No further service, joinder of parties, or amendments to
18 pleadings is permitted except with leave of Court, good cause having
19 been shown.

20      <u>ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER</u>

21      If Plaintiff substitutes a named defendant in place of a Doe
22 defendant, a copy of this Order shall be served on that defendant
23 concurrently with the service of process.

24      That defendant has 30 days after said service within which
25 to file a "Notice of Proposed Modification of Status Order."  Although
26 a newly-joined party's proposed modification filed within this thirty
27 day period will not have to meet the good cause standard, no further
28

1  amendments will be permitted except with leave of Court, good cause

2  having been shown.

3                              DISCOVERY

4          All discovery shall be completed by January 14, 2011. In

5  this context, "completed" means that all discovery shall have been

6  conducted so that all depositions have been taken and any disputes

7  relative to discovery shall have been resolved by appropriate orders,

8  if necessary, and, where discovery has been ordered, the order has

9  been complied with or, alternatively, the time allowed for such

10  compliance shall have expired.[1]

11          Each party shall comply with Federal Rule of Civil Procedure

12  26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or

13  before August 22, 2010, and with any contradictory and/or rebuttal

14  expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before

15  September 22, 2010.

16                      MOTION HEARING SCHEDULE

17          The last hearing date for motions shall be May 16, 2011, at

18  9:00 a.m.[2]

19          Motions shall be filed in accordance with Local Rule 78-

20  230(b).  Opposition papers shall be filed in accordance with Local

21  Rule 78-230(c).  Failure to comply with this local rule may be deemed

22  consent to the motion and the Court may dispose of the motion

23

24          [1]   The Magistrate Judges in the Eastern District are responsible
25  for resolving discovery disputes. See Local Rule 72-302(c)(1).  A party
    conducting discovery near the discovery "completion" date risks losing
26  the opportunity to have a judge resolve a discovery dispute concerning
    that discovery.

27          [2]   This time deadline does not apply to motions for continuances,
28  temporary restraining orders, emergency applications, or motions under
    Rule 16(e) of the Federal Rules of Civil Procedure.

<u>summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
Further, failure to timely oppose a summary judgment motion may result
in the granting of that motion if the movant shifts the burden to the
nonmovant to demonstrate a genuine issue of material fact remains for
trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a
motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence
that could not reasonably have been discovered prior to the filing of
the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision
was manifestly unjust; or

(3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall
set forth, in detail, the reason why said evidence could not
reasonably have been discovered prior to the filing of the party's
motion or opposition papers.  Motions for reconsideration shall comply
with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion
characterized as a motion in limine may be summarily denied.  A motion
in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for March 14, 2011, at
1:30 p.m.  The parties are cautioned that the lead attorney who WILL
TRY THE CASE for each party shall attend the final pretrial
conference.  In addition, all persons representing themselves and
appearing <u>in</u> <u>propria</u> <u>persona</u> must attend the pretrial conference.

1    The parties are warned that <u>non-trial worthy issues could be</u>

2  <u>eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no

3  material facts are in dispute and that the undisputed facts entitle

4  one of the parties to judgment as a matter of law." <u>Portsmouth Square</u>

5  <u>v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

6    The parties shall file a <u>JOINT</u> pretrial statement no later

7  than seven (7) calendar days prior to the final pretrial conference.[3]

8  The joint pretrial statement shall specify the issues for trial and

9  shall estimate the length of the trial.[4]  The Court uses the parties'

10 joint pretrial statement to prepare its final pretrial order and could

11 issue the final pretrial order without holding the scheduled final

12 pretrial conference.  <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th

13 Cir. 1999) ("There is no requirement that the court hold a pretrial

14 conference.").  The final pretrial order supersedes the pleadings and

15 controls the facts and issues which may be presented at trial.  Issues

16 asserted in pleadings which are not preserved for trial in the final

17 pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health</u>

18 <u>Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues

19 not preserved in the pretrial order are eliminated from the action.");

20 <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992)

21 (indicating that an issue omitted from the pretrial order is waived,

22

23    [3]    The failure of one or more of the parties to participate in
   the preparation of any joint document required to be filed in this case
24 does not excuse the other parties from their obligation to timely file
   the document in accordance with this Order.  In the event a party fails
25 to participate as ordered, the party or parties timely submitting the
   document shall include a declaration explaining why they were unable to
26 obtain the cooperation of the other party.

27    [4]    **The joint pretrial statement shall also state how much time**
28 **each party desires for voir dire, opening statements, and closing**
   **arguments.**

even if it appeared in the pleading); cf. Raney v. Dist. of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on August 23, 2011.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

**Dated:  August 5, 2009**

_____
GARLAND E. BURRELL, JR.
United States District Judge