IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CLINTON PETRACEK and KELLY PETRACEK, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOME MORTGAGE SERVICING and LENDER DOE, <br><br> Defendants | 2:09-cv-001403-GEB-KJM <br><br> ORDER GRANTING MOTION TO DISMISS[*] |

On September 16, 2009, Defendant American Home Mortgage Servicing, Inc. ("AHMSI") filed a motion to dismiss Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. AHMSI argues it has been erroneously named as American Home Mortgage Servicing. Plaintiffs allege the following claims against AHMSI in connection with a loan they obtained to finance their home: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; (3) violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788.17, *et seq.*, "subject to the remedies of 15 U.S.C. § 1692(k)"; (4) violation of California Business and Professions Code section 17200; (5) breach of the implied covenant good faith and fair dealing; and (6) slander of credit. Plaintiffs assert this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337. However, a

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

review of Plaintiffs' FAC reveals Plaintiffs have not alleged a viable federal claim. Therefore, the Court will decline to continue exercising supplemental jurisdiction over Plaintiffs' state claims.

## I. Doe Defendants

Plaintiffs have only identified the second holder of the mortgage note in the FAC as "Lender Doe." (FAC ¶ 1.) Plaintiffs were provided forty-five days to conduct discovery concerning this "Doe" defendant, and to file a motion in which they could seek to add a named party in place of Lender Doe, in the Pretrial Scheduling Order in this case issued on August 6, 2009. (Docket No. 10.) Since the time to file this motion has elapsed, Lender Doe is dismissed under the rationale in the Order Setting Status (Pretrial Scheduling) Conference filed May 21, 2009, in which it is stated: "Failure to set forth specific information regarding the time Plaintiff(s) needs to identify any "Doe" defendants will be deemed an abandonment of any claims against such defendants, and a dismissal order will follow." Therefore, AHMSI is the only Defendant in this case.

## II. Truth in Lending Act

A review of Plaintiffs' FAC reveals Plaintiffs have not alleged a viable TILA claim against AHMSI. Plaintiffs concede AHMSI is a loan servicer and is not liable as a servicer under TILA. (FAC ¶¶ 16, 36, 37.) Civil liability under TILA applies to creditors and assignees of creditors. See 15 U.S.C. §§ 1640(a), 1641(a). Under § 1641(f)(1), loan servicers "shall not be treated as an assignee of [a consumer] obligation for purposes of [TILA] unless the servicer is or was the owner of the obligation." See also Marks v. Ocwen Loan Servicing, 2008 WL 344210, *2 (N.D. Cal. 2008) ("Although TILA provides that assignees of a loan may be liable for TILA violations,

loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point.").

However, Plaintiffs allege AHMSI "ha[s] liability under common law (Restatement of Agency)" since AHMSI is intentionally withholding the identity of an unidentified principal note holder. (FAC ¶ 37.) Plaintiffs have not alleged AHMSI ever owned the loan obligation and "ha[ve] provided no authority that extends the common law doctrine of agency to the servicer of a loan under a TILA claim." Fullmer v. JPMorgan Chase Bank, N.A., 2010 WL 95206, *4 (E.D. Cal. 2010). Thus, Plaintiffs have not stated a viable TILA claim against AHMSI.

## III. Real Estate Settlement Procedures Act

AHMSI seeks dismissal of Plaintiffs' second claim in which Plaintiffs allege AHMSI violated § 2605(e) of RESPA by failing to provide a proper and timely written response to Plaintiffs' Qualified Written Request ("QWR") mailed on January 12, 2009, and which is attached as Exhibit B to Plaintiffs' FAC. In the January 12, 2009 letter, Plaintiffs requested numerous loan documents, offered to modify the terms of their loan, and demanded rescission of the loan under the provisions of TILA if the offer was rejected. (FAC Ex. B.) AHMSI argues the January 12, 2009 letter was not a QWR as defined in RESPA, since it "fails to explain Plaintiffs' reason for believing there was any error on the account," and therefore, Plaintiffs have failed to state a RESPA claim.

Under RESPA, "If any servicer of a federally related mortgage loan receives a [QWR] from the borrower for information *relating to the servicing of such loan*, the servicer shall provide a written response acknowledging receipt of the correspondence within 20

3

days . . . ." 12 U.S.C. § 2605(e)(1)(A) (emphasis added). "Not later than 60 days after the receipt [of the QWR] . . . the servicer shall . . . make appropriate corrections [to] the account . . .[, or] provide the borrower with a written explanation . . . of the reasons . . . the account of the borrower is correct . . . [, or] provide the borrower with . . . an explanation of why the information requested is unavailable . . . ." 12 U.S.C. § 2605(e)(2). "The term 'servicing' means receiving any scheduled periodic payments . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). A QWR is a written correspondence that "includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiffs' January 12, 2009 letter does not "relat[e] to the servicing of the loan." 28 U.S.C. § 2605(e)(1). The letter states:

> The loan being serviced is defective. Mr. and Mrs.Petracek were provided four copies of the Notice of Right to Cancel (copy attached as Exhibit "B"). The two provided to Kelly Petracek have blank dates for the date of her right of rescission expires [sic]. Of the two provided to Mr. Petracek, one has blank dates for the date that his right of rescission expires and the other has dates but the signature states Mr. Petracek has rescinded. As such, this error of not providing proper copies with the correct dates of the Notice of Right to Cancel, as required by TILA, extends the right to cancel for 3 years.

(FAC Ex. B.) The letter goes on to offer to modify the terms of the loan by decreasing the principal balance and fixing the interest rate

4

of the loan at 5.25%.  (Id.)  The letter also requests "the name, address, and telephone number of the owner/note holder/beneficiary/ master servicer of the obligation" and copies of several documents related to the loan.  (Id.)  However, the letter does not contain a statement of the reasons Plaintiffs believe the account was in error or details regarding other loan servicing information sought by Plaintiffs.  In the letter, Plaintiffs "simply disputed the validity of the loan and not its servicing."  "That a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan." Consumer Solutions REO, LLC v. Hillery, -- F. Supp. 2d ---, 2009 WL 2711264, *9 (N.D. Cal. 2009).  Since AHMSI did not "receive[] a [QWR] from [Plaintiffs] for information relating to the servicing of [the] loan," AHMSI had no duty to respond to Plaintiffs' January 12, 2009 letter under 12 U.S.C. § 2605(e)(1)(A).  Therefore, Plaintiffs' have failed to state a claim under RESPA.  Therefore, Defendants motion to dismiss Plaintiffs' second claim is GRANTED.

**IV. Fair Debt Collection Practices Act**

The nature of Plaintiffs' third claim is now considered for the purpose of determining whether this is a federal claim. Plaintiffs allege in this claim that AHMSI violated the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788.2 (the "Rosenthal Act"), "subject to the remedies of" the Federal Fair Debt Collection Practices Act.  (FAC ¶ 87.)  Plaintiffs only seek relief under the California Rosenthal Act in this claim.  (FAC ¶ 91.) Plaintiffs do not mention the Federal Fair Debt Collection Practices Act in this claim other than to state their Rosenthal Act claim is

"subject to the remedies of" the Federal Fair Debt Collection Practices Act. Further, Plaintiffs do not argue they alleged a Federal Fair Debt Collection Practices Act claim in their Opposition to AHMSI's motion to dismiss the Rosenthal Act claim.

> Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint. Whether the complaint states a claim 'arising under' federal law must be ascertained by the legal construction of the plaintiff's allegations, and not by the effect attributed to those allegations by the adverse party. The plaintiff is the 'master' of his complaint[.]

Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) (citations and quotes omitted). Plaintiffs' statement that their Rosenthal Act claim is "subject to the remedies" of the Federal Fair Debt Collection Practices Act is insufficient to state a claim "arising under" the Federal Fair Debt Collection Practices Act. Therefore, Plaintiffs third claim does not provide a basis for federal subject matter jurisdiction and only Plaintiffs' state claims remain.

**V.    Supplemental Jurisdiction**

Plaintiffs allege 28 U.S.C. § 1367 provides the Court with supplemental jurisdiction over their state claims. (FAC ¶ 7.) Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th

Cir. 1997) (en banc). "Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor continued exercise of supplemental jurisdiction over Plaintiff's state claims . . . ." Anderson v. Countrywide Fin., 2009 WL 3368444, *5 (E.D. Cal. 2009); see also Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1101 (9th Cir. 1996) (stating that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"). Accordingly, Plaintiff's state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

**VI. Conclusion**

Since Plaintiffs have failed to allege a viable federal claim and this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state claims, this case is dismissed without prejudice under 28 U.S.C. § 1367(c)(3). The Clerk of Court shall close this case.

Dated: February 10, 2010

GARLAND E. BURRELL, JR.
United States District Judge