IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLINTON PETRACEK and KELLY          )
PETRACEK,                           )    2:09-cv-001403-GEB-KJM
                                    )
            Plaintiffs,             )    ORDER GRANTING MOTION TO
                                    )    DISMISS*
      v.                            )
                                    )
AMERICAN HOME MORTGAGE SERVICING    )
and LENDER DOE,                     )
                                    )
            Defendants              )
_____)

        On September 16, 2009, Defendant American Home Mortgage

Servicing, Inc. ("AHMSI") filed a motion to dismiss Plaintiffs' First

Amended Complaint ("FAC") under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be

granted.  AHMSI argues it has been erroneously named as American Home

Mortgage Servicing.  Plaintiffs allege the following claims against

AHMSI in connection with a loan they obtained to finance their home:

(1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601

*et seq.;* (2) violation of the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. §§ 2601, *et seq.;* (3) violation of the Rosenthal

Fair Debt Collection Practices Act, California Civil Code §§ 1788.17,

*et seq.,* "subject to the remedies of 15 U.S.C. § 1692(k)"; (4)

violation of California Business and Professions Code section 17200;

(5) breach of the implied covenant good faith and fair dealing; and

(6) slander of credit.  Plaintiffs assert this Court has subject

matter jurisdiction under 28 U.S.C. §§ 1331 and 1337.  However, a

_____

        *    This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

review of Plaintiffs' FAC reveals Plaintiffs have not alleged a viable
federal claim.  Therefore, the Court will decline to continue
exercising supplemental jurisdiction over Plaintiffs' state claims.

**I.    Doe Defendants**

Plaintiffs have only identified the second holder of the
mortgage note in the FAC as "Lender Doe."  (FAC ¶ 1.)  Plaintiffs were
provided forty-five days to conduct discovery concerning this "Doe"
defendant, and to file a motion in which they could seek to add a
named party in place of Lender Doe, in the Pretrial Scheduling Order
in this case issued on August 6, 2009.  (Docket No. 10.)  Since the
time to file this motion has elapsed, Lender Doe is dismissed under
the rationale in the Order Setting Status (Pretrial Scheduling)
Conference filed May 21, 2009, in which it is stated: "Failure to set
forth specific information regarding the time Plaintiff(s) needs to
identify any "Doe" defendants will be deemed an abandonment of any
claims against such defendants, and a dismissal order will follow."
Therefore, AHMSI is the only Defendant in this case.

**II.   Truth in Lending Act**

A review of Plaintiffs' FAC reveals Plaintiffs have not
alleged a viable TILA claim against AHMSI.  Plaintiffs concede AHMSI
is a loan servicer and is not liable as a servicer under TILA.  (FAC
¶¶ 16, 36, 37.)  Civil liability under TILA applies to creditors and
assignees of creditors.  See 15 U.S.C. §§ 1640(a), 1641(a).  Under §
1641(f)(1), loan servicers "shall not be treated as an assignee of [a
consumer] obligation for purposes of [TILA] unless the servicer is or
was the owner of the obligation."  See also Marks v. Ocwen Loan
Servicing, 2008 WL 344210, *2 (N.D. Cal. 2008) ("Although TILA
provides that assignees of a loan may be liable for TILA violations,

1  loan servicers are not liable under TILA as assignees unless the loan
2  servicer owned the loan obligation at some point.").

3       However, Plaintiffs allege AHMSI "ha[s] liability under
4  common law (Restatement of Agency)" since AHMSI is intentionally
5  withholding the identity of an unidentified principal note holder.
6  (FAC ¶ 37.)  Plaintiffs have not alleged AHMSI ever owned the loan
7  obligation and "ha[ve] provided no authority that extends the common
8  law doctrine of agency to the servicer of a loan under a TILA claim."
9  Fullmer v. JPMorgan Chase Bank, N.A., 2010 WL 95206, *4 (E.D. Cal.
10 2010).  Thus, Plaintiffs have not stated a viable TILA claim against
11 AHMSI.

12 **III. Real Estate Settlement Procedures Act**

13      AHMSI seeks dismissal of Plaintiffs' second claim in which
14 Plaintiffs allege AHMSI violated § 2605(e) of RESPA by failing to
15 provide a proper and timely written response to Plaintiffs' Qualified
16 Written Request ("QWR") mailed on January 12, 2009, and which is
17 attached as Exhibit B to Plaintiffs' FAC.  In the January 12, 2009
18 letter, Plaintiffs requested numerous loan documents, offered to
19 modify the terms of their loan, and demanded rescission of the loan
20 under the provisions of TILA if the offer was rejected.  (FAC Ex. B.)
21 AHMSI argues the January 12, 2009 letter was not a QWR as defined in
22 RESPA, since it "fails to explain Plaintiffs' reason for believing
23 there was any error on the account," and therefore, Plaintiffs have
24 failed to state a RESPA claim.

25      Under RESPA, "If any servicer of a federally related
26 mortgage loan receives a [QWR] from the borrower for information
27 *relating to the servicing of such loan*, the servicer shall provide a
28 written response acknowledging receipt of the correspondence within 20

days . . . ." 12 U.S.C. § 2605(e)(1)(A) (emphasis added). "Not later than 60 days after the receipt [of the QWR] . . . the servicer shall . . . make appropriate corrections [to] the account . . .[, or] provide the borrower with a written explanation . . . of the reasons . . . the account of the borrower is correct . . . [, or] provide the borrower with . . . an explanation of why the information requested is unavailable . . . ." 12 U.S.C. § 2605(e)(2). "The term 'servicing' means receiving any scheduled periodic payments . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). A QWR is a written correspondence that "includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiffs' January 12, 2009 letter does not "relat[e] to the servicing of the loan." 28 U.S.C. § 2605(e)(1). The letter states:

> The loan being serviced is defective. Mr. and Mrs.Petracek were provided four copies of the Notice of Right to Cancel (copy attached as Exhibit "B"). The two provided to Kelly Petracek have blank dates for the date of her right of rescission expires [sic]. Of the two provided to Mr. Petracek, one has blank dates for the date that his right of rescission expires and the other has dates but the signature states Mr. Petracek has rescinded. As such, this error of not providing proper copies with the correct dates of the Notice of Right to Cancel, as required by TILA, extends the right to cancel for 3 years.

(FAC Ex. B.) The letter goes on to offer to modify the terms of the loan by decreasing the principal balance and fixing the interest rate

1   of the loan at 5.25%.  (Id.)  The letter also requests "the name,

2   address, and telephone number of the owner/note holder/beneficiary/

3   master servicer of the obligation" and copies of several documents

4   related to the loan.  (Id.)  However, the letter does not contain a

5   statement of the reasons Plaintiffs believe the account was in error

6   or details regarding other loan servicing information sought by

7   Plaintiffs.  In the letter, Plaintiffs "simply disputed the validity

8   of the loan and not its servicing."  "That a QWR must address the

9   servicing of the loan, and not its validity, is borne out by the fact

10  that § 2605(e) expressly imposes a duty upon the loan servicer, and

11  not the owner of the loan." Consumer Solutions REO, LLC v. Hillery, --

12  F. Supp. 2d ---, 2009 WL 2711264, *9 (N.D. Cal. 2009).  Since AHMSI

13  did not "receive[] a [QWR] from [Plaintiffs] for information relating

14  to the servicing of [the] loan," AHMSI had no duty to respond to

15  Plaintiffs' January 12, 2009 letter under 12 U.S.C. § 2605(e)(1)(A).

16  Therefore, Plaintiffs' have failed to state a claim under RESPA.

17  Therefore, Defendants motion to dismiss Plaintiffs' second claim is

18  GRANTED.

19  **IV.  Fair Debt Collection Practices Act**

20          The nature of Plaintiffs' third claim is now considered for

21  the purpose of determining whether this is a federal claim.

22  Plaintiffs allege in this claim that AHMSI violated the Rosenthal Fair

23  Debt Collection Practices Act, California Civil Code section 1788.2

24  (the "Rosenthal Act"), "subject to the remedies of" the Federal Fair

25  Debt Collection Practices Act.  (FAC ¶ 87.)  Plaintiffs only seek

26  relief under the California Rosenthal Act in this claim.  (FAC ¶ 91.)

27  Plaintiffs do not mention the Federal Fair Debt Collection Practices

28  Act in this claim other than to state their Rosenthal Act claim is

1  "subject to the remedies of" the Federal Fair Debt Collection

2  Practices Act.  Further, Plaintiffs do not argue they alleged a

3  Federal Fair Debt Collection Practices Act claim in their Opposition

4  to AHMSI's motion to dismiss the Rosenthal Act claim.

5          Ordinarily, the existence of federal question
           jurisdiction is determined from the face of the
6          complaint.  Whether the complaint states a claim
           'arising under' federal law must be ascertained by
7          the legal construction of the plaintiff's
           allegations, and not by the effect attributed to
8          those allegations by the adverse party.  The
           plaintiff is the 'master' of his complaint[.]
9

10  Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990)

11  (citations and quotes omitted).  Plaintiffs' statement that their

12  Rosenthal Act claim is "subject to the remedies" of the Federal Fair

13  Debt Collection Practices Act is insufficient to state a claim

14  "arising under" the Federal Fair Debt Collection Practices Act.

15  Therefore, Plaintiffs third claim does not provide a basis for federal

16  subject matter jurisdiction and only Plaintiffs' state claims remain.

17  **V.   Supplemental Jurisdiction**

18          Plaintiffs allege 28 U.S.C. § 1367 provides the Court with

19  supplemental jurisdiction over their state claims. (FAC ¶ 7.)  Under

20  28 U.S.C. § 1367(c)(3), a district court "may decline to exercise

21  supplemental jurisdiction over a [state] claim" if "the district court

22  has dismissed all claims over which it has original jurisdiction

23   . . . ."  "While discretion to decline . . . supplemental

24  jurisdiction over state law claims is triggered by the presence of one

25  of the conditions in § 1367(c), it is informed by the . . . values of

26  economy, convenience, fairness and comity" as delineated by the

27  Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S.

28  715, 726 (1966).  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th

Cir. 1997) (en banc).  "Since state courts have the primary responsibility to develop and apply state law, . . . the <u>Gibbs</u> values do not favor continued exercise of supplemental jurisdiction over Plaintiff's state claims . . . ."  <u>Anderson v. Countrywide Fin.</u>, 2009 WL 3368444, *5 (E.D. Cal. 2009); <u>see also</u> <u>Wade v. Regional Credit Ass'n</u>, 87 F.3d 1098, 1101 (9th Cir. 1996) (stating that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").  Accordingly, Plaintiff's state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

**VI.  Conclusion**

Since Plaintiffs have failed to allege a viable federal claim and this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state claims, this case is dismissed without prejudice under 28 U.S.C. § 1367(c)(3).  The Clerk of Court shall close this case.

Dated:  February 10, 2010

GARLAND E. BURRELL, JR.
United States District Judge

7